Osborne, J.
Plaintiff, a judgment-creditor of the First Methodist Protestant Church commonly known as the Fourth Street Church, brings this action in the nature of a creditor’s bill to set aside a certain conveyance of its church property to the defendant The First Methodist Protestant Church of Williamsburgh, commonly known as the Grand Street Church, on the ground that such conveyance was made with intent to hinder, delay and defraud its creditors, and particularly the plaintiff. After a long and exhaustive trial, the learned trial judge has decided this issue adversely to the plaintiff, and from the findings and conclusions, and the judgment entered thereon, this appeal is taken.
It appears from the case that the plaintiff had formerly been pastor of the Fourth Street Church, and that he ceased his ministrations there about the month of October, 1886. Religious services continued to be conducted there up to about the month of January, 1887, and then the church finding itself pecuniarily embarrassed and without any prospect of relief therefrom, discontinued religious services there, and at a meeting held on January 4, 1887, resolved to sell all their property, real and personal,- and devote the proceeds to the payment of its debts. At about the same time the Fourth Street Church decided to unite with the Grand Street Church in the formation of a new church to be known as Trinity Church, and to share half the expense of establishing and carrying on such new church.
Following this determination large placards were placed upon the Fourth Street church edifice, stating that the property was for sale and the premises were placed in the hands of Mr. Green, a real estate.broker, for sale, and we think it is fair from the evidence that the trustees of the Fourth Street Church endeavored, without any pretence of concealment, to sell their property for the largest possible price they could obtain.
From time to time pending a sale of the real estate, various articles of personal property of the church were sold and the proceeds applied to the discharge of its most pressing liabilities. These premises were then subject to a mortgage for $6,500 held by the Williamsburgh Savings Bank, on which there was due interest from December 1, 1886, and also to a mortgage of $2,500 held by plaintiff, on which there was due interest from April 17, 1884.
All efforts on the part of the church to dispose of its real property proved unavailing, plaintiff was pressing his claims to judment and in despair of effecting a more favorable sale, the Fourth Street Church decided to sell its property to the defendant, the Grand Street Church, for the sum of $10,000. The Grand Street Church decided to buy at that price, leave of the county court to sell was obtained and on *749 May 24, 1887, the property was conveyed to the Grand Street Church; at that time there was due on the mortgages for principal and interest about $9,600 and the Fourth Street Church owed to the Grand Street Church upwards of $11,00 for its one-half share of the expenses of establishing and maintaining the new Trinity Church, the balance of the consideration money over and above the $9,600 of mortgages was paid by the Grand Street Church to the extent of said balance on its share of the expenses of establishing and maintaining Trinity Church and the deed in question was delivered.
We fail to find any evidence in the case of any of the indicia that usually characterize or accompany transfers of property made in fraud of creditors. The efforts of the Fourth Street Church to dispose of its property were open and notorious and had been so for some months; the consideration of the evidence as found by the learned trial judge was adequate, and the fact that a portion of the consideration money, the sum of $400 was not actually paid over in cash by the Grand street church does not in our opinion affect the bonafides of the transaction; if it had been paid in cash by the Grand Street Church, the Fourth Street Church would have had an undoubted right to pay it out to the Grand street Church or any other creditor to whom it might be justly indebted; that instead of receiving this $400 in cash with one hand and then immediately paying it over to the Grand Street Church with the other hand, a credit was given on the admitted liability of the Fourth Street Church to the Grand Street church does not we think render the conveyance fraudulent, or does not tend to stamp it as made with intent to defraud its creditors.
Fraud is to be proven, not presumed, and while not always susceptible of direct proof, yet the facts claimed to establish it must be of such a character as unmistakably to warrant an inference of dishonest intent. It is not enough that they are ambiguous and just as consistent with innocence as with guilt. That these substituted suspicion as the equivalent of proof. They must not be, when taken together and aggregated, when interlinked and put in proper relation to each other consistent with an honest intent. If they are, the proof of fraud is wanting. (Shultz v. Hoagland, 85 N. Y., 464).
Applying these principles to the case we áre of opinion that the decision of the learned trial judge was a just and correct one on the issues made by the pleadings as to the good faith of the conveyance in question, and as to whether it was made with intent to defraud creditors ánd we concur therewith.
In addition to this, however, the learned trial judge has found as a matter of law “ that the conveyance executed by *750 the First Methodist Protestant Church of the city of New York to the First Methodist Protestant Church of Williams-burgh, is a valid conveyance ” and the judge so adjudges in hac verba, in so finding and adjudging. We think the learned trial judge has gone further than it was necessary to go in deciding the issues made by the pleadings herein.
The question as to the regularity of the proceedings before the county judge to obtain leave to sell was not involved in the issues presented on the trial, and it is possible that this finding and that portion of the judgment based thereon might be interpreted in a broader sense than we think was intended.
We are, therefore, of the opinion that the conclusion of law above quoted should be stricken out, and the judgment should be modified by striking out the above-quoted clause therefrom and as modified should be affirmed—none of the exceptions to the admission or exclusion of evidence present any ground of error.
Judgment modified as above stated and as modified affirmed with costs.